WHATLEY, Judge.
Hollie Anne Nabors (the Former Wife) challenges the trial court’s order denying in part her motion to enforce the marital settlement agreement she entered into with J. Mervyn Nabors (the Former Husband). We affirm the trial court’s interpretation of section 7 of the marital settlement agreement and the trial court’s denial of the Former Wife’s claim for rent. However, we reverse that portion of the trial court’s order finding that the Former Husband had fulfilled his obligations under section 10 of the marital settlement agreement and remand for further proceedings on this issue.
Section 10 of the marital settlement agreement states in pertinent part:
The parties acknowledge that the Former Husband is presently the controlling shareholder of American Instrument Co., Inc., Birmingham, Alabama. The Former Husband hereby agrees that-he will cause to be executed an Independent Contractor Consulting Agreement between American Instrument Co., Inc., and the Former Wife, providing for her services as an ad hoc consultant, said employment agreement having a term of twelve (12) months, and providing compensation during that period, of $2,000.00 a week. All other terms and provisions of the subject employment agreement shall be subject to the sole discretion and decision of American Instrument Co., Inc. Upon the expiration of the original twelve (12) month term, any and all extensions, amendments or other modifications of said employment agreement shall be at the sole discretion of American Instrument Co., Inc.
The parties signed the marital settlement agreement on April 1, 1999. In the trial court, the Former Wife argued that the Former Husband had not fulfilled his obligations under section 10 because American Instrument had not paid her $104,000 in salary over a twelve-month period. The trial court disagreed, crediting the Former Husband for amounts both he and American Instrument paid to the Former Wife from April 1, 1999, to March 30, 2000, and crediting the Former Husband for $15,000 that he paid to the Former Wife’s attorney on her behalf. Based on these credits, the trial court found that the Former Husband had fulfilled his obligations under section *305 10. We agree with the trial court on all aspects except one. We hold that the trial court improperly credited the Former Husband for the $15,000 he paid in attorney’s fees on behalf of the Former Wife because this payment was not contemplated under section 10 of the marital settlement agreement.
First, the trial court did not err in crediting the Former Husband with the $8000 that he paid to the Former Wife between April 9, 1999, and June 4, 1999. The parties do not dispute that they signed the marital settlement agreement on April 1, 1999, and that they intended the marital settlement agreement to be binding as of that date. The parties also do not dispute that the first increased payment by American Instrument was made in the pay period ending June 4, 1999.[1] The Former Husband testified that it took some time for the change in salary to be made in the payroll department at American Instrument and that he personally paid the $8000 during this time to “catch up” on the payments that had been due since April 1, 1999. The Former Wife’s only testimony was the payments were gratuitous payments from the Former Husband. The trial court had the discretion to believe the Former Husband’s testimony on this issue.
Second, the trial court properly credited the Former Husband with the money that he personally 'paid to the Former Wife after American Instrument unilaterally reduced the payments to the Former Wife. The record reflects that the Former Husband is the controlling shareholder of American Instrument. American Instrument’s vice president of finance testified that he counseled the Former Husband to reduce the payroll payments to the Former Wife due to possible adverse tax consequences of these payments by American Instrument.[2] The Former Husband testified that he personally made up the difference between the amounts due from American Instrument under section 10 and the amounts actually paid by American Instrument. The Former Wife testified that the Former Husband’s payments to her during this time period were simply gratuitous payments. The trial court again had the discretion to accept the Former Husband’s testimony on this issue and reject that of the Former Wife.
The Former Wife also argues that the Former Husband did not have the right to change the source of the payments without her written consent. While this may be true, the Former Wife’s only recourse is against the Former Husband because American Instrument is not a party to the marital settlement agreement. When American Instrument refused to make full payments to the Former Wife, she had to turn to the Former Husband, as the party to the contract, for relief. In this case, the Former Husband made up the difference in the payments. He was therefore entitled to credit for these payments, and the trial court did not err in allowing this credit.
Finally, however, the trial court erred in crediting the Former Husband for the $15,000 payment toward the Former Wife’s attorney’s fees. The parties had an extensive discussion on the record at the hearing at which the marital settlement agreement was ratified concerning the payment of attorney’s fees. At no time *306 during that discussion did the Former Husband or his counsel request an offset against the amounts due under section 10 for the $15,000 in attorney’s fees previously paid by the Former Husband. After the hearing, the trial court entered an order ratifying the marital settlement agreement as amended on the record at the hearing. The Former Husband cannot now seek to amend his obligations under the ratified marital settlement agreement with alleged off-the-record agreements between himself and the Former Wife concerning this $15,000 payment. Therefore, the Former Husband is not entitled to credit for the $15,000 in attorney’s fees against his obligation under section 10 of the marital settlement agreement.
Accordingly, we reverse the trial court’s order as it pertains to the obligations under section 10 of the marital settlement agreement and remand for further proceedings on this issue.
Affirmed in part, reversed in part, and remanded for further proceedings.
FULMER and NORTHCUTT, JJ., Concur.

. Prior to the signing of the marital settlement agreement, American Instrument was paying the Former Wife $1000 per week in salary.

. The vice president of finance testified that there were potential adverse tax consequences to American Instrument for paying an excessive salary to the Former Wife, who had no actual job responsibilities with the corporation.